## STATE v. RICHARD M. BARNESS.

81 N. W. (2d) 853.

March 1, 1957—No. 36,977.

*Richard M. Barness,* pro se, for relator.

*Miles Lord,* Attorney General, and *Charles E. Houston,* Solicitor General, for the State.

NELSON, JUDGE.

It appears from the files and proceedings available in this case that the defendant was heretofore convicted of the alleged crime of robbery in the first degree by a jury in the District Court for Hennepin County, December 13, 1955.

Defendant was bound over on the above charge to the said district court on September 13, 1955. The public defender for said county was duly appointed as counsel for defendant September 14, 1955. Later defendant was called into court and informed that the public defender would not defend in his case but that another lawyer, Franklyn Petri, Jr., was being appointed and would act as his counsel. Defendant was, according to his own statement, thereafter interviewed by Franklyn Petri, Jr., as his counsel November 15, 1955, and again on December 9, 1955. He was informed on the latter date that his trial would begin December 12, 1955, which it did.

150

The defendant was also charged with four alleged previous convictions for the alleged crimes of forgery in the second degree, robbery in the first degree, grand larceny in the first degree, and assault in the second degree.

Following defendant's conviction by the jury's verdict, sentence was imposed under the Habitual Criminal Act for a term of not less than ten years to life imprisonment at the Minnesota State Prison.

A warrant of commitment was issued out of the Hennepin County District Court December 14, 1955, addressed to the warden of the state prison commanding the sheriff to forthwith convey and deliver the defendant into the custody of the warden of the state prison where he has since been confined.

Defendant filed his petition and application for writ of error upon the said judgment of conviction and sentence, bearing date May 22, 1956, praying that this court review his case upon the grounds that the said judgment of conviction and sentence is supported only by the verdict of guilty, which verdict defendant asserts is against the evidence, not supported by it, does not conform to U. S. Const. Amend. XIV, the due process clause thereof, or to Minn. Const. art. 1, §§ 6 and 7. This court thereupon issued its order for a writ of error as prayed, and the clerk of the supreme court issued the writ of error May 25, 1956. The clerk of this court thereupon sent defendant copies of the petition, order for and writ of error issued herein, informing defendant that, although he had the duty to serve the writ, the clerk had in this instance done it for him. The clerk likewise enclosed a copy of the rules of practice of this court calling attention to Supreme Court Rule VIII (222 Minn. xxxii, as amended, 233 Minn. vi)[1] as the rule applicable upon the issuance of the writ

---

[1]The requirements of Rule VIII(1) are:

"The appellant or party removing a cause to this court shall, within *60 days from the date of service of the notice of appeal upon opposing counsel,* serve upon the opposite party the printed record and his brief, and file with the clerk of this court 15 copies of each thereof; and within 30 days from such service upon him the respondent shall serve his brief and file with the clerk 15 copies thereof; * * *. Appellant may reply in typewritten or printed form within 10 days thereafter. The reply shall be limited

of error, as well as appeal, stating that the defendant would have 60 days within which to file and serve his printed brief and the printed record or transcript of the proceedings had at the district court trial below. He was informed that the required number would be 15 copies of each.

Thereafter defendant filed his motion, notice of motion, and affidavit in support thereof stating that he was unable to comply with Rule VIII because of his very meager financial status, praying that this court grant leave to submit the necessary copies of his brief prepared by himself and in that respect Rule VIII be waived. This court thereupon issued its order July 9, 1956, as prayed for by defendant, that he be permitted to prepare, serve, and file 15 legible copies of his brief without a formal printing as required by Rule VIII, compliance, however, to be had with the rules of this court in all other respects with the exception of the printing of the briefs. The files and the record available disclose no waiver of the requirement of furnishing a printed record or transcript upon which the court might review the conviction.

On July 24, 1956, again upon motion and notice of motion filed by defendant July 17, 1956, this court ordered that the time in which his briefs must be served and filed in order to comply with Rule VIII of this court be extended to include the final date of August 23, 1956. The record is barren as to any transcript of the testimony taken and proceedings had in the court below. Typewritten briefs, as permitted, were filed with the clerk of the supreme court August 17, 1956. They were not served upon opposing counsel, and no printed record of the proceedings nor a transcript from the trial court below has either been served on opposing counsel or received by the clerk of this court within the time allotted. So far as the records of the

---

strictly to a concise answer to new points made by respondents. *As to form and size, typewritten records and briefs shall comply with these rules.* The failure of appellant to comply with this rule in respect to printing and serving the record and his brief and filing the same with the clerk of this court within the time stated will be deemed an abandonment of the appeal, and the order or judgment appealed from will be affirmed or the appeal dismissed, as the court may deem proper."

court below and the files and proceedings in this court disclose, no transcript of the testimony taken below and the proceedings had therein, or printed record thereof, are in existence or available.

The State of Minnesota moved this court October 30, 1956, for an order quashing the writ of error issued out of this court on May 25, 1956, upon the grounds that the relator had failed to comply with the requirements of Rule VIII of this court as to service of briefs and printed record and also in failing to provide a transcript of the proceedings below or a printed record thereof which in any manner could be made available to this court for the purpose of reviewing the judgment of conviction and sentence.

We have, with care, gone over all the files and proceedings available in this court and also the district court files in the clerk's office of Hennepin County, and in addition thereto there has been obtained from the warden of the state prison a certified copy of the warrant of commitment in order to ascertain if any transcript or record might be extant as to the testimony and the evidence submitted at the trial below. None is available in the files, no transcript appears to have been prepared nor a printed record obtained, served, and filed. Without a printed record available to this court for review, this court cannot decide whether the verdict was sustained by the evidence. We find no irregularities upon the record. Upon the defendant's failure to comply with Rule VIII of the supreme court, the defendant is not entitled to a review as the record now stands. See, State v. Soward, 248 Minn. 516, 80 N. W. (2d) 449.

It is clear that the court made counsel available by appointment for the defendant below independent of the office of the public defender. Although this court issued its order for the writ of error applied for herein, nevertheless, this court has no choice upon the present state of the proceeding but to grant the State's motion to quash the writ, and it is so ordered.

Writ quashed.